The undersigned have reviewed the Order based upon the record of the proceedings before Deputy Commissioner Young and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Decision and Order, except for a minor modification with regard to the alleged negligence of Sergeant Webb.
The Full Commission finds as fact and concludes as matter of law the following:
In order to withstand defendant's motion for directed verdict in a medical malpractice action, plaintiff must offer evidence which establishes the following elements: standard care; breach of standard of care; proximate causation; and damages. Failure to establish evidence on any one element entitles defendant to direct verdict. In the case before the undersigned the plaintiff presented no medical expert testimony to establish the standard of care. Lowery v. Newton, 52 N.C. App. 234,278 S.E.2d 566(1981).
Further, with regard to plaintiff's negligence claim against Sergeant John Webb for allegedly requiring him to work in the John Umstead Laundry, plaintiff failed to offer evidence sufficient to survive direct verdict as to whether defendant, through the actions of Sergeant Webb or any other Department of Correction employee, failed to exercise due care in the performance of some legal duty owed to plaintiff under the circumstances or that the negligent breach of such duty was the proximate cause of any injury to plaintiff.
WHEREFORE, the defendant's motion for directed verdict is hereby granted; and the plaintiff's claim is DENIED.
Each party shall bear its own costs.
 S/ ______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ _______________ THOMAS J. BOLCH COMMISSIONER
S/ _______________ CHRISTOPHER SCOTT COMMISSIONER
DCS:bjp